THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD DENNING, Defendant-Appellant.

Second District   No. 77-93

Opinion filed April 13, 1978.

Ralph Ruebner and Rosetta Hillary, both of State Appellate Defender's Office, of Elgin, for appellant.

John Payne, State's Attorney, of Dixon (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

A Lee County jury found the defendant-appellant, Donald Denning, hereafter the defendant, guilty of burglary. A sentence of 1½ to 4½ years in the penitentiary was imposed. The defendant has appealed, raising two issues as grounds for reversing his conviction. First, he asserts that the trial court committed reversible error by giving the jury Illinois Pattern Jury

Instructions, Criminal, No. 3.17 (hereinafter cited as IPI Criminal No. 3.17) over his objection. The second contention of the defendant is that he was not proved guilty beyond a reasonable doubt. After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of Lee County should be affirmed.

The Fireside Inn, a Harmon, Illinois, restaurant and tavern, was burglarized during the early morning hours of August 19, 1976. The crime was reported by the defendant, whose home has an unobstructed view of the tavern. The defendant told the police that he had gotten up to go to the bathroom when he looked out a window and saw two men breaking into the Fireside Inn. An investigation of the crime led to the arrest of Gordon Denning, the defendant's brother. Gordon Denning gave the police a statement implicating the defendant in the crime.

At trial, the State presented Patrick Ward, who was the Lee County State's Attorney at the time of the offense. Mr. Ward testified that during an August 26, 1976, interview in the Lee County Law Enforcement Center, the defendant admitted assisting Gordon Denning with the burglary. The State also presented Edward J. Blake, a Lee County Sheriff's Department detective. Detective Blake testified that the defendant had originally denied participation in the crime, but when his brother, Gordon Denning, was brought into the interrogation room, the defendant revised his story and admitted participating in the crime.

The first witness called by the defense was Gordon Denning, who admitted he was then serving a prison sentence for his participation in the crime. On direct examination, Gordon Denning claimed he commited the crime by himself. On cross-examination, Gordon Denning admitted giving the police a statement implicating the defendant, but claimed that statement was not true.

The defendant took the stand in his own behalf and acknowledged that he had told the police he had participated in the crime. However, he claimed the statement was untrue and that it was given because he was promised that if he made such a statement, both he and his brother would receive light sentences. During the cross-examination of Mr. Ward and Detective Blake, both denied making any such promises to the defendant.

At the close of the evidence a conference was held on jury instructions. The State offered IPI Criminal No. 3.17 on the weight to be given the testimony of an accomplice. The defendant objected to the giving of this instruction. However, the instruction was given over his objection. The jury returned a verdict of guilty, from which the defendant appeals.

■■■ The defendant's first contention is that the trial court committed error by giving IPI Criminal No. 3.17 over his objection. In *People v. Legear* (1975), 29 Ill. App. 3d 884, 331 N.E.2d 659, this court advocated a case-by-case examination of the circumstances to determine whether or

not the giving of an "accomplice" instruction would be proper. The general rule, as we reiterated in *Legear,* is that an "accomplice" instruction should not be given either where to do so would detract from a defendant's ability to use favorable testimony or where the accomplice fails to implicate the accused in the commission of the crime.

The instruction given in the case at hand, IPI Criminal No. 3.17, reads as follows:

> "An accomplice witness is one who *testifies* that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case." (Emphasis added.)

Here, the alleged accomplice, Gordon Denning, did not implicate the defendant in the crime during his testimony. Indeed, he maintained he committed the crime by himself. When the State sought to impeach him through the use of his prior inconsistent statement which implicated the defendant, Gordon Denning maintained his prior statement was not true. The fact that his testimony was impeached by his prior statement does not qualify the out-of-court statement not made under oath as "testimony." To apply IPI Criminal No. 3.17 in a case where the alleged "accomplice" does not inculpate the defendant in his testimony, as is the situation here, is clearly confusing to the jury. Therefore, we hold it was error for the trial court to give IPI Criminal No. 3.17 in the case at hand. However, we find it to have been harmless error beyond a reasonable doubt. The jury heard Gordon Denning's testimony impeached by his own prior statement implicating the defendant in the crime and was fully aware that the two men are brothers. Hence, Gordon Denning's testimony already had been thoroughly discredited. Therefore, the cumulative effect of this erroneous instruction upon Gordon Denning's credibility must be deemed negligible and the error harmless beyond a reasonable doubt.

■■ The defendant's second contention is that he was not proved guilty beyond a reasonable doubt. The State presented two witnesses, both of whom related statements made by the defendant and Gordon Denning which implicated the defendant in the burglary. In his defense, the defendant presented the testimony of Gordon Denning and himself. Both men admitted making the statements testified to by the State's witnesses but claimed they were lying when they made those statements. Obviously, the issue before the jury became one of credibility.

> "In this regard, it is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses. (*People v. Novotny* (1968), 41 Ill. 2d

401, 244 N.E.2d 182.) It is peculiarly the province of the jury to weigh the evidence, judge the credibility of witnesses, and determine the facts. A reviewing court will not set aside a jury's verdict of guilty unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to cause a reasonable doubt as to the guilt of the accused. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.)" *People v. Barksdale* (1976), 44 Ill. App. 3d 770, 775, 358 N.E.2d 1150, 1154.

Accordingly, the judgment of the circuit court of Lee County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.